IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
IN OPEN COURT

SEP 1 9 2019

CLERK, U.S. ...
ALEX...

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-57 (LO) |
| | ) | |
| TYLER LE, | ) | |
| | ) | |
| Defendants. | ) | |

**PROTECTIVE ORDER**

This matter is before the Court on the government's Unopposed Motion for Entry of an Amended Protective Order restricting the disclosure and dissemination of materials produced by the United States to the defendant as part of the government's discovery obligations in this case. These discovery materials shall be subject to the following Order:

1. The government shall disclose the materials to the defendant in accordance with its discovery obligations, as set forth in the Federal Rules of Criminal Procedure, applicable statutes, relevant case law, and this Court's discovery orders.

2. The disclosure or provision of the discovery materials by the government to the defendant shall not operate as a waiver of any privilege or protection that could or may be asserted by the holder of any such privilege or protection.

3. Physical access to the discovery materials shall be restricted to persons authorized by this Order, namely the defendant, the defendant's attorney of record in this case, the employees of the attorney of record who are performing work on behalf of the defendant, a court-appointed or defense-retained investigator, and a court-appointed or defense-retained

expert. The discovery materials, and the content therein, may not be disseminated or shared with any other person.

4. The following restrictions are placed on the defendant's attorney, and the above-designated individuals, unless and until further ordered by the Court. The defendant's attorney, and the above-designated individuals shall not:

    a. allow the defendant to make copies of, or retain, any of the materials produced as discovery or the content contained therein;

    b. make copies of the discovery materials, or allow copies of any kind to be made by, any other person, except as needed by the attorney of record and employees of the attorney of record as needed to perform work on behalf of the defendant. Such copies shall be subject to the same limitations of this order as the original discovery materials; or

    c. use the discovery materials, and the content contained therein, for any purpose other than preparing to defend against the criminal charges in this matter.

5. The defendant's attorney, and the above-designated individuals shall not provide the defendant with a copy of a document stamped "Highly Protective Material," or translate or transcribe (orally or in writing) any such document in its entirety to the defendant.

6. The defendant's attorney shall inform any person to whom disclosure may be made pursuant to this Order of the existence and terms of this Order.

7. Aside from the restrictions noted above, nothing in this Order shall restrict use by the defendant's attorney of the discovery materials or information during the defendant's investigation of the allegations and preparation of his defenses or introduction as evidence at

trial, except that the Defense will notify the government prior to trial of any contents of the discovery materials that it wishes to introduce at trial so that the government may seek an additional order sealing the documents and information contained therein from public disclosure as necessary. Where appropriate, however, defendant's attorney must redact any personal identifying information in the discovery materials, in accordance with Federal Rule of Criminal Procedure 49.1, Local Criminal Rule 47, and the U.S. District Court for the Eastern District of Virginia Guide to February 15, 2005 Local Rule Amendments Concerning Personal Identifiers.

8. Prior to the disclosure of the discovery materials to a person not identified in Paragraph 3 of this Order, counsel for the defendant must first receive permission from the Court for such disclosure. Such permission may be requested *ex parte*.

9. Upon conclusion of this case, to the extent it is consistent with the ethical responsibilities of defense counsel, defendant's attorney shall return to government counsel the discovery materials, and any copies of the materials, within a reasonable period of time, not to exceed thirty days after the conclusion of trial and any appellate or collateral proceedings.

IT IS SO ORDERED.

/s/
Liam O'Grady
United States District Judge

The Honorable Liam O'Grady
United States District Judge

Date: _____
Alexandria, Virginia